123 2174 Donnelly Robinson executor of the state of Albert Hammond deceased and Adam Murawski and legal guardian Carol Morales versus the city of Chicago. Well as you probably know because I at least recognize one of you we give you approximately 15 minutes appellant first we usually don't interrupt unless you get off on tangents and then we ask questions then we go to the appellee and do the same and then the appellant gets their opportunity to close so with that in mind you've got Justice Terry Lavin, Justice James Jarrell Smith, and Justice Cynthia Cobb before you so with that you may start. Thank you Amanda Catalano for the plaintiff. May it please the court this case will determine whether citizens can meaningfully challenge legislation as unconstitutional or whether instead the rational basis test is just a rubber stamp of government overreach. The plaintiff's claim that the Arlington Deming district ordinance is unconstitutional as now before this court for the fourth time. Each time this claim has come before the court it's because the city has tried to dismiss it as a matter of law so that it doesn't have to answer to the facts namely the fact that the Arlington Deming district is an unremarkable mix of buildings in an arbitrary slice of Lincoln Park and it has no historic or architectural significance. This court has rejected all of the city's prior attempts to dismiss the plaintiff's claim as a matter of law and this time should be no different. We're here today because the court granted the city's motion for summary judgment. That order should be reversed. The summary judgment standard is familiar. The plaintiff does not need to prove his claims at this stage. The only relevant inquiry at summary judgment is whether he raised a question of fact as to whether the Arlington Deming district ordinance is unconstitutional and he undoubtedly did. The plaintiff presented a mountain of evidence showing that the district doesn't meet even a single one of the mandatory criteria for designation under the Chicago landmarks ordinance. The plaintiff's experts who are leaders in the fields of architecture and historic preservation testified that the city's claims about the district's purported significance are simply false. The district is just a typical neighborhood with typical architecture that developed in a typical fashion and even the city's witnesses agree that the architecture in the district is typical of and common throughout Chicago. The plaintiff presented evidence that the designation was wholly pre-textual. It wasn't motivated by genuine historic preservation concerns but instead as an end-around to a court order that struck down a prior downzoning ordinance in the neighborhood as unconstitutional and in fact the court that struck the downzoning ordinance expressly found that the city's claim that the neighborhood was historically significant was quote pre-textual and that the neighborhood had quote no character. The plaintiff presented evidence that the majority of property owners in the district opposed the designation and that even when the city tried to manipulate the official vote count the vote still came out against designation and the plaintiff presented evidence that landmark designation imposes significant burdens on property owners and the public alike. The bottom line is this the plaintiff has put forth overwhelming evidence to support every single one of the facts that this court held and Hannah 2 and Hannah 3 would if proven be enough to show that the Arlington Deming district ordinance is arbitrary and capricious and he's put forth overwhelming evidence to rebut every single one of the reasons the city advances now to claim that the ordinance is constitutionally sound. That is all he was required to do to defeat the city's summary judgment motion and the circuit court's order should be reversed. Remarkably the city does not dispute that the plaintiff has put forth abundant evidence to support his claims and it does not dispute that the plaintiff has presented evidence that rebuts all of the city's factual assertions for why the ordinance is sound. The city instead argues that these evidentiary disputes are simply irrelevant because according to the city under the rational basis standard the facts just don't matter. The city goes so far as to argue that the court doesn't need to look to any evidence at all to justify the Arlington Deming district ordinance despite this court's clear rulings and Hannah 2 and Hannah 3 that the plaintiff's claims must proceed to discovery for evidence. But evidence isn't necessary the city argues because as long as someone can just imagine some hypothetical world where the facts the city advances to justify the ordinance were true, the ordinance passes the rational basis test even if those facts aren't true in the real world. That is the epitome of arbitrary. Under the city's reasoning no one would ever be able to challenge a law as unconstitutional because the city would never have to show that there was some legitimate connection between the legislation and the interest the government claims the legislation serves. Under the city's reasoning it could point to a building and say Abraham Lincoln built this building with his own two hands and no plaintiff and no court would ever be able to question the veracity of that claim. Rational basis would be reduced to a rubber stamp and that is not the law. Rational basis review is deferential yes but it is not toothless. It doesn't require the court to assume the truth of facts that don't exist at all in order to uphold legislation that in the absence of those facts would have no reasonable relationship to the interest the legislation is intended to serve and that's especially true at the summary judgment stage. The court can't assume the truth of the city's contentions. The opposite is true at summary judgment. Relative to the procedural posture of this case the court has to construe the facts strictly against the city. The law is clear under the rational basis test even if the government has advanced some theoretically feasible justification for challenged legislation the plaintiff will still prevail if he comes forward with evidence showing that the asserted justification was unsupported by the facts. That's what Ehrengold says the city's primary case. That's what cases like Carter v. the city of Alton and Zillian say and it has to be not just the hypothetical facts but the actual facts. So in other words contrary to what the city argues the facts matter. The government doesn't have unlimited power to pass laws that are based on mere fiction. That is precisely what the constitution prohibits. Laws have to have some footing in reality. The record in this case is replete with evidence that the Arlington Deming district is just a typical Chicago neighborhood with no historic or architectural significance and nothing to set it apart from the many other neighborhoods in the city that are just like it. Nothing except for its arbitrary pretextual and burdensome designation as a landmark district. The city may disagree with the plaintiff's evidence and it may point out that its own witnesses think the designation was proper but those issues go to the weight of the evidence and that is not something that courts consider on a motion for summary judgment. All the plaintiff had to do to defeat the city's motion was point to some evidence that raises a genuine issue of material fact. He did that. The city doesn't even dispute that he did that. So we are asking the court to reverse the circuit court's order and remand this case to trial for trial so that the finally present his evidence and that evidence is plentiful. The city designated the Arlington Deming district because it claims that it meets the mandatory designation criteria under the Chicago landmarks ordinance. The plaintiff has amassed a mountain of evidence to say that that claim is just not true. For example, the city claims that the district meets criterion one which requires a district to be historically or architecturally significant to the city's heritage. The city itself has compiled a database called the CHRS that lists all of the buildings in the city that meet that standard and according to the CHRS not a single one of the buildings in Arlington Deming district does. Not a single one. No important events occurred in this district. No significant figures lived there. It's just an ordinary neighborhood that developed in an ordinary fashion over an ordinary period of time. The city says the district meets criterion four because it contains high style and high quality architecture. The plaintiff's experts testified that that claim is categorically false. The buildings in the district are just average examples of the types of architecture found in virtually every neighborhood in the city. The craftsmanship is average at best and even the city's witnesses agreed again that the architecture in the district is typical of and common throughout Chicago. Criterion six which requires a district to display a distinctive theme. The city claims that the district's theme is quote a distinct visual unity based on things like the period of construction, its building size, architectural styles and materials but again the plaintiff has presented a mountain of evidence to show that that claim is false. There is no visual unity in the district at all. The district is made up of hundreds of buildings that were built and renovated at different points over an arbitrary span of nearly 100 years. The buildings vary drastically in size from single-story houses to massive apartment buildings. The district is a random jumble of a dozen different architectural styles which all of the witnesses agree look nothing alike. The setbacks for the buildings are completely different. The building materials are completely different and the boundaries are arbitrary. The plaintiff's witnesses testified that it is impossible to distinguish the district from its surrounding blocks. The plaintiff also presented evidence that the district lacks the requisite integrity. It's peppered with non-contributing buildings and vacant lots and parking lots and even its contributing buildings have alterations that clash with purportedly significant period or style that the city claims the buildings represent. So there's a material fact question as to whether the district even meets the mandatory designation criteria and whether the district meets this designation criteria is directly relevant to the constitutional inquiry. These criteria are not merely guidelines. Contrary to the city's new argument on appeal, an argument it never raised in the circuit court, the city can't simply disregard this criteria when it's designating a landmark. These criteria are the substantive criteria that the city itself has said a district must meet in order for that designation to be reasonably related to the city's interest in historic preservation. But there's even more evidence. The plaintiff presented evidence that the district's landmark designation was entirely pretextual. The landmarking process only began after a court declared an earlier downzoning effort in the neighborhood unconstitutional. The city's process for designating the district reflects that it was never motivated by historic preservation concerns. The plaintiff presented evidence that the city didn't conduct any reasoned analysis at all to decide whether the district actually merited landmark designation. It designated the district based on what one staffer testified was, a very quick and dirty sort of thumbnail assessment of the neighborhood. And the designation was against the will of the people. The official vote count showed that most property inquiry. The court specifically said so in Hanna two and Hanna three. And the plaintiff presented evidence that the landmark designation imposes a burden on the residents' property rights. Property owners in this district can't make any changes to their home's exterior without the landmarks commission's approval, which the landmarks commission can withhold in its sole discretion if it decides that those changes just don't look nice. And landmarking reduces property values. So this is an arbitrary designation of a typical Chicago neighborhood that has no historical or architectural significance. There are questions of fact. The city agrees that there are questions of fact, and the plaintiffs have raised a question of fact with respect to, again, every single allegation that this court held in Hanna two and Hanna three would, if proven, prove that the ordinance violates the due process in equal protection clauses. And the plaintiff has also raised a question of fact with respect to every single reason the city now advances to say that the Arlington Deming district ordinance was constitutionally sound. Again, this is summary judgment. The plaintiff does not need to prove his claims at this point. All he needs to do is raise a genuine issue of material fact. He has done that. The city does not contest that he has done that. The city's sole argument is that the facts don't matter, and of course the facts do matter. I say I've been going for about 15 minutes. I don't know if I need to reserve time for my rebuttal, but I would like to reserve time for my rebuttal. You can reserve some time. Okay, can I? Five minutes. Yes, please. Can I reserve five minutes? Yeah. Okay, thanks. Any questions? I don't know. It seems like, in your opinion, there's always a question of fact in a rational basis case. Summary judgment could never occur in this type of case. Is that what you're saying? No, Justice Levin, that's not what I'm saying. I'm not saying that summary judgment can never occur when the rational basis test is at issue, and in fact, I admit it occurs all the time, but what I am saying is that the facts matter, and so there is a presumption of validity with respect to government legislation when we're dealing with the rational basis test, but that presumption can be overcome. It's not an unrebuttable presumption. If the plaintiff had not come forward with evidence to rebut every single one of the reasons that the city claims, or why the city claims that the Arlington Deming District Ordinance passes constitutional muster, then yes, summary judgment would be appropriate, but that's not what happened here. The plaintiff, again, has come forward with evidence to negate every single reason the city now offers for enacting the Arlington Deming District Ordinance, and so now we have a question of fact as to whether there is an actual, real, factual underpinning for why the city passed this legislation and whether there is a reasonable basis for it, so there is a question of fact. If the plaintiff had not raised a question of fact, then the government would be entitled to that presumption, but the plaintiff has. He has negated every single basis that the city now offers, so that's enough to move beyond the summary judgment stage. So you would say that the City Council has done nothing more than show an unreasonable relationship between historical preservation and designating this district as a landmark? Yeah, I think the plaintiff's argument is that there's no relationship between this district, and there's no reasonable relationship between this district and the government's goal in historic preservation, and it's not just the plaintiff saying this. It's experts in the field of historic preservation and architecture, and we've got a mountain of evidence to say that every single one of the facts that the city points to to say that this district is somehow historically significant is just a fallacy, and we know from cases like Zillian that even under the rational basis test, laws cannot be based on a fallacy. There has to be some real legitimate connection between the law and the interest that it sets to achieve, and so there's no real connection here, or at least we've presented evidence to show that there's no, or at least raise a question of fact as to whether there is no real, reasonable, rational connection between the Arlington Deming District and its landmark designation. This is a completely typical Chicago neighborhood. We've got mountains of evidence that say there is not a single element of this neighborhood that is historically significant, and we've got mountains of evidence that combat every single one of the reasons that the city says that it is historically significant, and this is summary judgment. We have to construe the facts strictly against the city at this point, and we've got loads of evidence to at least make this a question of fact that goes beyond this procedural posture. Okay, last question I have for you is the Piccioli case. How would you distinguish this case from that, Piccioli versus Board of Trustees of Teacher Retirement Systems? Are you familiar with that? I'm not. Off the top of my head, Justice Levin, I'm not familiar with that. I'm happy to provide. That's remarkable because you're very well prepared, that's for sure. Okay, not a problem. There are a lot of cases out there. That's all I have. Elizabeth, you may proceed. Thank you, Your Honor. Good afternoon, Your Honors. May it please the Court. The Arlington-Deming District Ordinance is a valid exercise of legislative authority. City Council rationally concluded that this collection of late 19th and early 20th century buildings has historic, architectural, and cultural value, and that designating the district would also beautify the neighborhood, preserve community character, promote tourism and economic development, and foster civic pride, all legitimate governmental purposes. The judgment of the Circuit Court should be affirmed. I'll begin by explaining that Hannah 2 and Hannah 3 are not law of the case. I will then explain that the Arlington-Deming District Ordinance satisfies substantive due process and equal Hannah 2 and Hannah 3 are not law of the case. This Court ruled only that plaintiff pled sufficient facts to survive a motion to dismiss, but it very clearly explained that it was not determining whether plaintiff could ultimately overcome the substantive rational basis test. And in fact, the Court also noted that it had no doubt that the city would most likely offer a basis for the designation of the district. Nor do Hannah 2 and 3 entitle plaintiff to a trial. Under the well-settled rational basis test, the Court cannot reweigh the evidence, second-guess the wisdom of the legislation, or subject the legislative judgment to judicial fact-finding. And indeed, all of plaintiff's evidence consists merely of the opinions of experts who disagree with City Council's judgment and the manner in which City Council weighed the facts before it. Thus, a trial would have been particularly inappropriate in this case. And the Circuit Court properly resolved the case on the City's motion for summary judgment. I would also like to address on that point a few of the arguments made by plaintiff. First, I'd like to note that plaintiff has stated repeatedly that the city agrees that plaintiff raised a genuine issue of material fact, and that plaintiff agrees that plaintiff raised a mountain of evidence that plaintiff raised genuine disputes of fact on summary judgment. And that is simply not true. Our position is that plaintiff did not raise any genuine issues of material fact, and that is because all of plaintiff's evidence, again, it consists merely of the opinions of experts who disagree with City Council's judgment. In this case, City Council had before it all of the evidence in the landmark report, which was prepared by the City's own experts in historic preservation. The city also brought forth evidence on summary judgment of its own experts, testifying to the significance of the district under all of the criteria. And City Council was entitled to weigh all of that evidence in the manner that it deemed appropriate and determine that these buildings merited significance as a district. All the plaintiff does in this case is ask this court to second guess all of that weighing that City Council did, to second guess all of those judgments of the city's experts, and second guess the wisdom of this legislation. But that is simply not appropriate for under rational basis test. I would also like to note that plaintiff stated that under Aringold, the test for rational basis review is that the legislative judgment must be supported by the facts. But that was an incorrect statement of Aringold. That statement actually came out of a section of that case that was addressing the uniformity clause and tax classifications. Aringold does make very clear that the City's decision, the City Council's judgment, need not be based on any evidence or empirical data, and may be based on factual assumptions and rational speculation. The only question on basis review is whether the City exceeded the limits of rational speculation, not whether the plaintiff can come forward with some evidence to undermine the rational, factual assumptions made by the City, or whether the plaintiff could come forward with experts who have opinions that disagree with the experts relied upon by the City or with the factual weighing of the evidence and the assessment of significance conducted by the City here. And so for that reason, plaintiff is not entitled to a trial. Also for that reason, the City has demonstrated that it satisfied, plaintiff failed to demonstrate that the City's Arlington Deming District Ordinance is not rationally related to a legitimate governmental purpose. As City Council found, the District contains one of the finest collections of historic buildings, representing all of the important architectural styles of their day, and exemplifying the growth of fashionable residential neighborhoods on Chicago's north side lakefront in the critical years of the City's expansion following the fire. It was entirely rational for City Council to conclude that designating this district as a landmark would promote historic preservation and a host of other legitimate governmental purposes. Plaintiff's evidence, as made clear in her opening argument as well, the evidence merely amounts to opinions of experts saying that this district is just merely typical, that the styles are too varied, that they're not distinct, and that the City does not disagree with all of these factors. But it was up to the City Council to consider all of those factors and determine that the variation in the styles, the fact that this is very typical of the architecture of this time period, that it represents sort of common growth of the City in the late 19th and early 20th century, those are all things that City Council was entitled to weigh and determine based on its own policy choices, its own judgment of the significance of the history of the City, based on the evidence provided by its own experts in historic preservation. The City was entitled to conclude that all of these factors meant that the district actually did satisfy that criteria and that it would promote the historic preservation as well as a host of other legitimate governmental purposes. And again, Plaintiff, on summary judgment, was required to present evidence that would show City Council acted irrationally, that, or in other words, that Plaintiff had to negate all of the rational basis for City Council's designation, and he simply failed to do that. Again, it was merely testimony of experts who disagree with City Council's weighing of the evidence, its assessment of the significance of the district, and its policy choices, and that is not an appropriate basis for rational basis, that is not appropriate for rational basis review. The remainder of Plaintiff's evidence attacks the motives of City Council in designating this district, and that as well, it is well settled that the motives of the legislative body are not relevant to determining whether a piece of legislation satisfies the rational basis test. As long as there is some legitimate basis for a piece of legislation, it does not matter what the legislature's true motives were, it does not matter how many people wanted it, who wanted it, all of those things are irrelevant as long as the legislation satisfies, is rationally related to a legitimate governmental purpose. Let me ask you, your colleague on the other side would appear to be arguing here that in a situation like this, it's akin to a medical malpractice case, where the Plaintiff files a case saying that the doctor was negligent and supports that with an expert, and then the defense comes up with an expert, and you have a question of fact. Here, she's saying that the city comes out with all of these reasons why this is, you know, such a remarkable area and deserving of this sort of legislation, and then the plaintiff comes up with an expert that contradicts each and every opinion, and therefore it's a question of fact. What is it about the law of the rational basis analysis in these cases that distinguishes it from the sort of medical mal-hypothetical that I threw out there? Sure, your honor. Well, under the rational basis test, the government's findings, its judgments, its policy choices, those are all entitled to a high level of deference, and so it's recognizing that deference that, you know, that the courts are not allowed to second-guess those judgments of the legislative body. So we're not looking at whether, you know, we're not asking the court to look at the two experts and, you know, have a fact-finding role in deciding which one it, you know, it finds more credible. The plaintiff can come forward with evidence showing that the city council, or, you know, showing that a legislative body acted irrationally, sort of exceeded the limits of rational speculation, but that's a question that doesn't involve the sort of fact-finding that would happen in a typical trial, sort of in the of a medical malpractice case. Okay, thank you. That's all I have. So your position, Ms. Tischer, is, let me make sure I understand it, because rational basis always gets attacked as kind of like it's the lowest standard, it's not a lot to overcome. So your position is just because plaintiffs have contrary evidence doesn't defeat the rational basis for the legislation. Correct, Your Honor. Yes, that's correct. So is there ever a time, or can you ever, or maybe this is a question for Ms. Catalano, is there ever a time that evidence presented by a plaintiff in a rational basis case could ever overcome the legislature, or the, in this case, the city council's position that the legislation does serve a rational basis? Is there ever a time that that can happen? Because Ms. Catalano asserts that there could never be such a time if we affirm here. Your Honor, it would certainly, there would certainly be a case where a plaintiff could present evidence showing that the legislative body acted irrationally. That wouldn't necessarily entitle the plaintiff to a trial. It wouldn't necessarily create a genuine issue of material fact. It would be an exceedingly rare case where, under rational basis review, the court would be holding, have any sort of fact-finding role. And it certainly would not be a case as this one, where all that the plaintiff has done is come forward with, you know, its own expert opinions saying that, you know, this is not significant, these buildings are too varied, this, you know, the architecture is too, is too ordinary. Those are judgments, those are the professional judgments that are made by the city council, you know, or by the experts that city council has relied on to prepare the documentation. And in this case, that would be in the landmarks report. So this is not that sort of case where there would be any question that would entitle plaintiff to any sort of fact-finding. And certainly, plaintiff had an opportunity to come forward with evidence. This court gave plaintiff the benefit of the liberal pleading standard to come forward with evidence showing that city, the city acted irrationally. But none of the evidence that plaintiff has presented even comes close to satisfying that, you know, so the heavy burden, the very high bar under rational basis review. That's all I have. Thank you. Yeah, Amanda, you can go forward. The case Terry Lavin cited stands for the proposition, if there is any basis for finding a rational relationship, the law will be affirmed. That's what that case stands for. So I thought I'd just pass that on to you. I don't know if it anything in our matters, but I just thought I'd let you know that. Go ahead. Thank you. With respect, Justice Smith, to your question, if there is a rational basis, yes, it will be affirmed. But we have a question of fact here as to whether there is a rational basis. So that's exactly what we're dealing with at the summary judgment stage. You know, my colleague on the other side of the V has suggested that. I think she's confirmed that there's almost no case where the court can look at any evidence to decide whether whether there's actually a true and correct factual underpinning for the legislation. You know, I think she's maybe suggested that the parties could maybe file cross motions for summary judgment if they agreed on what the facts were. But she still hasn't identified any case at all in which a plaintiff could move forward under the rational basis test beyond summary judgment. And that's consistent with the city's position that the facts just don't matter. So, yes, if there's a rational basis, then the ordinance has to be affirmed. But there's a question of fact as to the very facts that underpin the city's claim that there is a rational basis here. You know, I just also wanted to respond to a couple of Ms. Tischer's points. You know, the city in its briefing and now before this court has, you know, repeatedly argued that legislative judgments aren't subject to courtroom facts finding and that they don't need to be supported by evidence or empirical data. And as we pointed out in our briefs, the city is really misconstruing what that language actually stands for. So, that language comes from the United States Supreme Court's opinion in the Beach Communications case. And what the court is saying in that case is we never require the legislature to specifically tell us what the reasons are for its legislation. So, if a plaintiff were to later challenge, the, you know, the, I think the relevant point is this, you know, if the plaintiff were to later challenge that legislation as unconstitutional, the city or whatever government entity is defending the legislation does not have to rely on the specific basis that the legislature articulated or maybe didn't articulate when it enacted the legislation. It can hypothesize whatever reason it wants to justify the designation when it's later challenged as unconstitutional. But that doesn't mean that whatever reasoning the government hypothesizes doesn't have to be based in fact. You know, it's still the rational basis test. There has to be a reasonable relationship between the bases for the legislation and the goals that it intends to serve. And if there's a question of fact on that, whether there's a reasonable connection between the two, then it cannot be resolved at summary judgment. You know, it's not just Aaron Gold that says that the legislation has to be rooted in the realities of the facts. It's Empress Casino. It's LNP Services. It's Penn Central. It's all of these cases that even the city cites in its brief. It's Zillian. It's the city of Alton case. All of the cases. There's not a single case out there that says that legislation can be based on a complete fallacy. That would make rational basis completely toothless. With respect to the city's argument that we're just questioning a policy judgment, that's not true. This is not a case where we're just debating whether the ordinance is good policy. That might be the case if we assumed that the facts that the city has advanced to justify the ordinance were true and that the ordinance therefore met all constitutional requirements and that there was a reasonable connection between historical significance and this landmark district. But there's not. So if we assumed that there was a reasonable connection between this district and historic preservation and whatever other goals the city seeks out to serve with this ordinance, but still we argued that that was a bad idea from a policy perspective, then we would be questioning city council's judgment. That's not the case here. What we're saying is that the facts that the city is advancing to support this designation have no basis in reality. And we've got a mountain of evidence to show that. You know, the city's suggestion here that this is just a purely subjective decision as to whether, you know, this district has nice buildings or not. It's not. This is not a subjective question. You know, we're not starting from scratch here. We've got mandatory designation criteria that a landmark district has to meet. You know, we've got evidence that there's industry-wide standards for interpreting and understanding this criteria and determining whether properties or districts meet this criteria. So it's not subjective. In Hannah 2, you know, the court held that the city's landmarking activities have clearly perceived boundaries and that people of ordinary intelligence can understand these standards. So it's not a subjective exercise and it's certainly not that a trier of fact can't decide for themselves. Let's see. I think that's all I have. Unless there are any other questions from the court, you know, I'll close with this. This is summary judgment. Again, we don't need to prove our case at this point. We just need to raise a question of fact. All of the evidence at summary judgment has to be construed strictly against the city. That's the procedural posture of this case. We have raised a question of fact with respect to every single allegation that this court has already held would, if proven, overcome the rational basis test. And we have established a question of fact with respect to every single basis that the city proffers for the designation. It's summary judgment. That is all we had to do. So we ask this court to reverse and remand for trial so that after 20 years, the plaintiff can finally present his evidence. Any questions? No. Now, I just want to ask this one thing, and I don't even know if it's a good question. So even if you proceeded to trial, what other evidence would you present other than what the experts have already offered, which is just contrary to what the city council says? We have, I mean, we've got lots of documentary evidence. I mean, there's a, the record, even on summary judgment, is massive. But I think the real issue here is this is, there are different expert opinions, and because this is summary judgment, the court cannot weigh the experts' credibility on the papers. And so we've got experts who say that these purported experts that the city is presenting to justify this designation just completely ignore the relevant historic preservation standards. These are industry-wide standards that apply pretty much across the country, and their testimony is completely arbitrary. And, you know, you can't weigh the experts' credibility on summary judgment, and certainly not on the papers. And so we've got expert testimony, we've got documentary evidence about, you know, all of the history about how this designation came to be, about, you know, the the city and the alderman at the time trying to skew the numbers in the district to try to support, to try to come up with some evidence that the residents in the neighborhood supported the designation. We've got evidence about how this rational basis, the legislation also has to be a reasonable means of accomplishing the government's stated goal. And so we've got evidence that, you know, landmark designation is a real burden, you know, and it's not something that the city should be imposing lightly. So again, we've got this district of hundreds of buildings, and the city has said that every single element of the outside of the exterior of those buildings, every single element is subject, is going to be deemed a contributing factor to this landmark district. And so nobody in the district who lives in any of these buildings can essentially, they can't even touch the outside of their buildings without going in front of the Landmarks Commission to ask their permission. And the Landmarks Commission really can just deny that request in its sole discretion. So we've got evidence of, you know, how burdensome this is, and it's not something that the city should be doing lightly. And it's not, it's certainly not something that the city should be doing based on, I think it was a thumbnail sort of drive-by assessment of the properties. So this is, you know, this is a real burden. There's a real question of fact here as to whether there's any historical significance in this neighborhood at all. We've got lots of evidence to say that there is not. And so we've got to put the evidence to the test. No further questions. Thank you. You both argued very well. I found it interesting, and I learned a lot about basis as the former legal director of Rockford and Des Plaines. I honestly never really knew what it meant. I just knew we always won. But yeah, I just thought I'd toss that in. So thank you very much. You both were very good, and you were both very educational to me.